UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                                                    X
                                                                    :
THE NEW YORK TIMES COMPANY          :
620 8th Avenue                                           :
New York, NY 10018                                 :
                                                                    :
and                                                            :
                                                                    :
CHARLIE SAVAGE                                 :
1627 I St., NW                                           :
Suite 700                                                   :     No. 19-cv-03562-ABJ
Washington, DC 20006                           :
                                                                    :
                                     Plaintiffs,       :
                                                                    :
            - against -                                    :
                                                                    :
OFFICE OF MANAGEMENT AND BUDGET  :
725 17th St., NW                                       :
Washington, DC 20503                           :
                                                                    :
                                     Defendant.    :
                                                                    :
———————————————————————X

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

**INTRODUCTION**

The first phase of impeachment proceedings against President Trump —the investigation led by the House Intelligence Committee—has recently concluded, and the second phase—House Judiciary Committee hearings—has begun. Those proceedings center on allegations that President Trump withheld military aid in order to pressure Ukraine into investigating a political rival lie at the heart of the ongoing impeachment inquiry. The Times's FOIA request—which seeks

1

communications between two of the key players in the withholding of Ukrainian aid—is urgent and merits the exceptional remedy of a preliminary injunction, requiring OMB to respond to the FOIA request by December 17, 2019, so that the voters can have access to this important information as their representatives are making critical decisions.

## BACKGROUND

On September 26, 2019, The Times submitted a FOIA request to OMB, seeking "all email correspondence between Michael Duffey and Robert Blair from May 1 [2019] to the present." (Exhibit A to Declaration of David E. McCraw ("McCraw Decl.").) On September 27, 2019, OMB acknowledged receipt of the request and assigned it FOIA number 19-486. (Exhibit B to McCraw Decl.) Although agencies are required to respond to FOIA requests within 20 business days, OMB failed to respond or to produce any responsive documents. (McCraw Decl. ¶ 4.) The Times appealed the delay and constructive denial of its request on October 29, 2019. (Exhibit C to McCraw Decl.) Once again, OMB failed to respond to The Times's request or to produce any responsive documents. (McCraw Decl. ¶ 6.) The Times has therefore exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i); *Oglesby v. Dep't of the Army*, 920 F.2d 57, 62 (D.C. Cir. 1990) (holding that a FOIA requester may sue if an agency fails to comply with the statutory deadlines).

## JURISDICTION

Jurisdiction is proper in this district under 5 U.S.C. § 552(a)(4)(B), which provides:

On complaint, the district court of the United States . . . in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

**ARGUMENT**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). The latter two "factors merge when the Government is the opposing party." *FBME Bank Ltd. v. LEW*, 125 F. Supp. 3d 109, 127 (D.D.C. 2015) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)). In this Circuit, "the four factors have typically been evaluated on a 'sliding scale,'" such that "[i]f the movant makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor." *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1291–92 (2009).[1]

Significantly, two courts in this district have in recent weeks granted preliminary injunctions in FOIA cases with very similar facts, where the documents requested were relevant to the ongoing impeachment inquiry. *See Am. Oversight v. U.S. Dep't of State*, 2019 U.S. Dist. LEXIS 191012, 2019 WL 5665930 (D.D.C. Oct. 25, 2019) (granting a preliminary injunction for communications between the State Department and the President's personal lawyer, and for communications regarding the recall of the former U.S. Ambassador to Ukraine, because "the harm of delay beyond the anticipated timeline of the impeachment inquiry would be irreparable"); *Ctr. for Public Integrity v. U.S. Dep't of Defense*, 2019 U.S. Dist. LEXIS 203797, 2019 WL 6270921 (D.D.C. Nov. 25, 2019) (recognizing that "stale information is of little value" and granting a preliminary injunction for communications between the Department of Defense and OMB concerning the Ukraine Security Assistance Initiative). And courts in this Circuit have long recognized that,

---

[1] Courts in this Circuit, observing that "the [D.C.] Court of Appeals has yet to hold definitively that *Winter* has displaced the sliding-scale analysis," have suggested that the sliding-scale framework still applies in this Circuit. *See, e.g.*, *Ctr. for Public Integrity v. U.S. Dep't of Defense*, 2019 U.S. Dist. LEXIS 203797, at *8-*9 (Nov. 25, 2019

where a FOIA request is urgent due to "a matter of current national debate," a preliminary injunction is warranted. *Wash. Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 75 (D.D.C. 2006); *Elec. Privacy Info. Ctr. v. U.S. Dep't of Justice*, 416 F. Sup. 2d 30 (D.D.C. 2006) (holding that a preliminary injunction was required to enable the request); *cf. Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246 (D.D.C. 2005) (ordering expedited processing for documents that could advance the national debate over whether to reauthorize expiring legislation).

Here, all four factors weigh plainly in favor of The Times.

I. **The Times Is Highly Likely to Succeed on the Merits**

Under FOIA, agencies are required to respond to a request within 20 business days of receiving the request. *See* 5 U.S.C. § 552(a)(6)(A)(i). Agencies are further required to "make reasonable efforts to search for the records requested," 5 U.S.C. § 552(a)(3)(C), and may withholding information only if one of the statutory exemptions applies and "the agency reasonably foresees that disclosure would harm an interest protected" by one of the exemptions (or disclosure is prohibited by law), 5 U.S.C. § 552(a)(a)(8)(A)(i), (b).

The Times filed its FOIA well over two months ago and, to date, has received no response from OMB beyond OMB's acknowledgment of receipt. OMB's failure to respond to The Times's valid FOIA request violates the agency's obligations under FOIA to respond within 20 business days and to make reasonable efforts to conduct a search for responsive documents. Significantly, the proposed order does not strip OMB of its ability to assert legitimate exemptions under FOIA; the order only requires OMB to do what the law requires—respond to a FOIA request within the

---

D.D.C.). Regardless of whether the sliding-scale approach applies, however, a preliminary injunction is warranted,

statutory time frame. Accordingly, The Times is highly likely to establish its entitlement to the production of non-exempt responsive records.

## II. The Times Will Suffer Irreparable Harm Absent a Preliminary Injunction

Information delayed is information denied. *Cf.* H.R. Rep. No. 93-876, at 6 (1974) (noting that an agency's failure to process FOIA requests in a timely fashion is "tantamount to denial"). As courts in this district have recognized in recent decisions granting preliminary injunctions for information relevant to the ongoing impeachment proceedings, "the primary value of the information [requested] lies in its ability to inform the public of ongoing proceedings of national importance[] and, in these circumstances, 'stale information is of little value.'" *Ctr. for Public Integrity*, 2019 U.S. Dist. LEXIS 203797, at *16 (quoting *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988). Absent a preliminary injunction requiring OMB to promptly produce responsive documents by December 17 and thereby enabling The Times to report on information relevant to impeachment proceedings as they are unfolding, The Times would suffer irreparable harm.

The need for these documents could not be more urgent: As of this writing, the Judiciary Committee is scheduled to begin publicly debating and voting on articles of impeachment in a week, leading up to a possible vote on December 20, the last day Congress is scheduled to be in session this year. "When 'time is of the essence,' the harm in agency delay is more likely to be irreparable." *Am. Oversight*, 2019 U.S. Dist. LEXIS 191012, at *9 (quoting *Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 40-41).

Often dubbed the national "newspaper of record," *The New York Times* plays a central role in informing the public about issues of national concern, including the ongoing impeachment proceedings against President Trump, which "are of the *highest* national concern." *Ctr. for Public*

---

as all four factors tilt heavily in favor of The Times.

*Integrity*, 2019 U.S. Dist. LEXIS 203797, at *16 (quoting *Payne Enters., Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988)) (emphasis added). The records at issue here—communications regarding the withholding of security aid to Ukraine—go to the core of those impeachment proceedings. The Times's coverage informs the public and empowers the electorate to form its own opinions and to make those opinions known to elected officials.

In a democracy such as ours—and particularly at a moment of heightened national importance such as this—an informed public is "a structural necessity." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). In light of the "necessity" of keeping the public informed, courts have repeatedly recognized that delays in responding to FOIA requests for documents relevant to upcoming elections or hearings or to ongoing impeachment proceedings give rise to irreparable harm. *See Ctr. for Public Integrity v. U.S. Dep't of Defense*, 2019 U.S. Dist. LEXIS 203797, at *14-20 (Nov. 25, 2019 D.D.C.) ("[I]rreparable harm is already occurring each day the impeachment proceedings move forward without an informed public able to access relevant information."); *Am. Oversight v. U.S. Dep't of State*, 2019 U.S. Dist. LEXIS 191012, at *8-10 (D.D.C. Oct. 25, 2019) (holding that the requester is "likely to suffer irreparable harm if processing of at least some aspects of its requests is not completed by the end of the ongoing impeachment process"); *Wash. Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 74–75 (D.D.C. 2006) (granting a newspaper's preliminary injunction regarding records of visitors to the White House and determining that delay would cause irreparable harm in light of the impending election); *Elec. Privacy Info. Ctr. v. U.S. Dep't of Justice*, 416 F. Sup. 2d 30, 40-41 (D.D.C. 2006) (finding irreparable injury where the requester would "be precluded, absent a preliminary injunction, from obtaining in a timely fashion information vital to the current and ongoing debate surrounding the legality" of the warrantless surveillance program); *Aguilera v. FBI*, 941 F. Supp.

144, 151 (D.D.C. 1996) (finding irreparable harm would result if the agency failed to produce documents before criminal defendant requester's evidentiary hearing).

### III. The Balance of Hardships and the Public Interest Weigh Heavily in The Times's Favor

The balance of hardships and the public interest also favor a preliminary injunction requiring prompt disclosure to The Times.

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). Here, the relationship between the information requested and the need "to hold the governors accountable to the governed" is at its most pronounced; the information pertains to proceedings that could result in the impeachment of the President. As noted, the American public has an urgent need for information that will inform its understanding of President Trump's decision to withhold aid from Ukraine and equip it to judge the merits of the ongoing impeachment inquiry.

The government itself will not endure any hardship if ordered to expedite The Times's request. The Times's request is narrowly focused on a small universe of documents and does not unduly burden OMB in making a prompt search of its records. The only harm that could result from this injunction is a short delay that may be experienced by some requesters whose requests preceded that of The Times.[2] But no one will be denied access to records as a result of having

---

[2] Many of the requesters in the queue are likely individuals or private entities. Estimates indicate that news media requesters represent "only single-digit percentages of FOIA requests." Margaret B. Kwoka, *First-Person FOIA*, 127 Yale L.J. 2204, 2213 (2018); *see id.* at n.23 (collecting citations); Max Galka, *Who Uses FOIA? – An Analysis of 229,000 Requests to 85 Government Agencies*, FOIA Mapper (Mar. 13, 2017), https://foiamapper.com/who-uses-foia

OMB process The Times's request, and this is no ordinary case of trying to "'leap frog' to the front of the line." *Aguilera*, 941 F. Supp. at 152 (D.D.C. 1996). Rather, "the extraordinary circumstances presented in this case warrant such line-cutting." *Ctr. for Pub. Integrity*, 2019 U.S. Dist. LEXIS 203797, at *21-22; *accord Am. Oversight*, 2019 U.S. Dist. LEXIS 191012, at *10 ("This is the extraordinary case where the public interest favors placing [the plaintiff's] requests ahead of other requests in the [agency's] FOIA queue."). "Presidential impeachment investigations are solemn affairs, which Congress thankfully has seen fit to undertake only a few times in the Nation's history." *Id.* The records requested by The Times, whose contents have already been referenced in impeachment testimony, "could directly inform the present investigation and the surrounding public debate." *Id.*

Accordingly, the public interest is considerable and outweighs any harm that may result to other requesters in the queue.

## CONCLUSION

For the foregoing reasons, The Times asks the Court to order that Defendant OMB produce all non-exempt, responsive portions of records responsive to its request by December 17, 2019, or by such date as the Court deems appropriate.

---

(estimating that journalists account for just 7.6% of FOIA requests). The Times, as a member of the news media, would use the information obtained through the request to inform the public. To the extent the other requesters are private entities who would not disseminate the information, the public interests tilts even more in favor of moving The Times's request to the front of the queue in this extraordinary case.

Respectfully submitted,

/s/ David E. McCraw
David E. McCraw
Dana R. Green
Alexandra Perloff-Giles
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
Phone: (212) 556-4031
Fax: (212) 556-4634
E-mail: mccraw@nytimes.com

*Counsel for Plaintiffs*