IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE NEW YORK TIMES COMPANY AND CHARLIE SAVAGE<br><br>           *Plaintiffs*,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET<br><br>           *Defendant*. | Civil Action No. 1:19-cv-3562 (ABJ) |

**SUPPLEMENTAL DECLARATION OF HEATHER V. WALSH**

I, Heather V. Walsh, make the following declaration based on personal knowledge and information made available to me in the course of my official duties:

1. I am the Deputy General Counsel in the Office of Management and Budget's ("OMB") Office of the General Counsel ("OGC"). My background and duties are set forth in my prior declaration of February 10, 2020.

2. The purpose of this declaration is to provide additional information about the application of FOIA Exemption 5, specifically the presidential communications privilege, which OMB asserted in response to Plaintiffs' FOIA Request. This declaration also provides additional information about OMB's instruction to Deputy Associate Director for the National Security Division Mark Sandy regarding his participation in a deposition under subpoena before a House Committee.

**PRESIDENTIAL COMMUNICATIONS PRIVILEGE**

3. As stated in my original declaration, OMB withheld in full 21 documents responsive to Plaintiffs' FOIA Request pursuant to Exemption 5, 5 U.S.C. § 552(b)(5), as subject to both the

deliberative process and presidential communications privileges.  Prior to making a determination to release or withhold a responsive record, in accordance with 5 U.S.C. § 552(a)(6)(B)(iii)(III) and 5 C.F.R. § 1303.30(c)(1), OMB staff consults with other agencies having a substantial interest in the determination of the request.

4.      I can confirm that before asserting Exemption 5 for the presidential communications privilege in connection with the 21 responsive documents in this case, my staff consulted with the White House Counsel's Office.  The consultation included reviewing the facts necessary to determine that the documents contained presidential communications, including the nature of Robert Blair's position as an Assistant to the President and a Senior Advisor to the Acting Chief of Staff.  I conveyed the information that my staff learned in the course of this consultation in my original declaration.

5.      This consultation was consistent with OMB's FOIA regulations and OMB OGC's long-standing practice of conferring with the White House Counsel's Office before asserting Exemption 5 for the presidential communications privilege in a FOIA case.

## NO WAIVER OF PRIVILEGES

6.      On November 16, 2019, OMB's Deputy Associate Director for the National Security Division Mark Sandy participated in a deposition under subpoena before a House Committee.

7.      OMB informed Mr. Sandy's private counsel by letter dated November 15, 2019, that it did not authorize Mr. Sandy to disclose potentially privileged information, including classified information or information subject to executive privilege.  A true and accurate copy of the letter is attached hereto as Exhibit A.

8.     OMB also advised Mr. Sandy's private counsel that Mr. Sandy should delay his appearance for the deposition until the House of Representative agreed to end its practice of prohibiting agency counsel from the deposition.  See Exhibit A.

In accordance with 28 U.S.C. § 1746, I hereby declare and affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief, and that the accompanying exhibit, are true and correct.

Executed in Washington, District of Columbia, this 28th day of February, 2020.

*[signature: Heather V. Walsh]*

Heather V. Walsh
Deputy General Counsel
Office of the General Counsel
Office of Management and Budget

# EXHIBIT A



EXECUTIVE OFFICE OF THE PRESIDENT
OFFICE OF MANAGEMENT AND BUDGET
WASHINGTON, D.C. 20503

November 15, 2019

Ms. Barbara Van Gelder
Cozen O'Connor
1200 19th Street, NW
3rd Floor
Washington, D.C. 20036

Dear Ms. Van Gelder:

    I write regarding the subpoena issued by the House Permanent Select Committee on Intelligence (Committee) to your client, Mark Sandy, Deputy Associate Director at the Office of Management and Budget (OMB), directing him to appear at a deposition on Saturday, November 16, 2019, without the presence of agency counsel.

    The Office of Legal Counsel in the Department of Justice (Department), which provides controlling legal advice to Executive Branch officials,[1] has advised the White House that the Committee may not require an Executive Branch witness to appear at a deposition without agency counsel.[2] The Department has advised in a written opinion that excluding agency counsel when an employee is called to testify would improperly impair the President's ability to "exercise his constitutional authority to control privileged information of the Executive Branch" and "his constitutional authority to supervise the Executive Branch's interactions with Congress."[3] The President has the authority under the Constitution to protect privileged information from disclosure to Congress. To exercise that authority effectively, the President "must be able to designate a representative to protect this interest at congressional depositions."[4] The presence of agency counsel "ensures that executive branch employees called to testify before Congress do not improperly disclose privileged information, and that the information provided is consistent with the scope of Congress's investigative authority."[5] The Department's opinion explains that these principles apply in connection with a congressional impeachment inquiry.[6] The Department's legal opinion is "controlling advice to Executive Branch officials."[7]

---

[1] Memorandum from David J. Barron, Acting Assistant Att'y Gen., Office of Legal Counsel, to Attorneys of the Office, Re: Best Practices for OLC Legal Advice and Written Opinions 1 n. (Jul. 16, 2010) ["2010 OLC Best Practices Memorandum"].
[2] *See Exclusion of Agency Counsel from Congressional Depositions in the Impeachment Context*, 43 Op. O.L.C. ___, *1, 4 (Nov. 1, 2019) ("OLC Op.").
[3] *Id.* at *2 (quoting *Attempted Exclusion of Agency Counsel from Congressional Depositions of Agency Employees*, 43, Op. O.L.C. ___, *8 (May 23, 2019) ("*Exclusion of Agency Counsel*").
[4] *Id.* at *2 (citing *Exclusion of Agency Counsel* at *8–10).
[5] *Id.* at *2.
[6] *See id.* ("We believe that these same principles apply to a congressional committee's effort to compel the testimony of an executive branch official in an impeachment inquiry.").
[7] *See* 2010 OLC Best Practices Memorandum.

As set forth in the rules of the House of Representatives[8] and reiterated in the Committee's communications to Mr. Sandy, the Committee is prohibiting agency counsel from participating in his deposition. As Mr. Sandy's personal counsel, we understand that your primary "obligation is to protect [his] personal interests" and "not the interests of the Executive Branch."[9] It would be agency counsel's role to protect confidentiality interests of the Executive Branch by objecting to questions that would invade any of the privileges that likely would apply to Mr. Sandy's testimony, such as deliberative process, national security information, and other aspects of executive privilege that the President can assert. Therefore, enforcing the Committee's subpoena, which purports to require an Executive Branch witness to appear for a deposition without the assistance of agency counsel, would be unconstitutional.[10]

Accordingly, consistent with the Department's legal opinion and to protect the prerogatives of the Executive Office of the President, including OMB, today and in the future, I am advising Mr. Sandy not to appear at the Committee's scheduled deposition on November 16, 2019, or in any congressional proceeding in which agency counsel is excluded. To be clear, he is not being asked to defy or ignore a subpoena. Rather, Mr. Sandy is being advised to delay his appearance until the House agrees to end its current unconstitutional practice of prohibiting agency counsel. At this time, Mr. Sandy is not authorized to disclose potentially privileged information, including classified information or information subject to executive privilege.

As discussed above in the Department's opinion, prohibiting the presence of agency counsel unconstitutionally interferes with the President's authority to control the Executive Branch's privileged information and to supervise its interactions with Congress. If the Committee were to allow agency counsel to attend the deposition, we would not have these separation of powers concerns.

Please call me if you have any questions.

Sincerely,

*[signature]*

Mark R. Paoletta
General Counsel

---

[8] *Regulation for the Use of Deposition Authority*, 116th Cong. H1216 (Jan. 25, 2019).
[9] *Exclusion of Agency Counsel* at 2.
[10] *Id.* at *4 (citing *Exclusion of Agency Counsel* at *14).